UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81955-CV-MIDDLEBROOKS

DAVID FEINBERG,

      Plaintiff,

v.

AL PACKER, INC.
d/b/a AL PACKER FORD,
a Florida Corporation,

      Defendant.

_____/

## ORDER ON MOTION TO COMPEL ARBITRATION

THIS CAUSE is before the Court upon Defendant's Unopposed Motion to Compel Arbitration and Stay Proceedings, filed on February 2, 2023. (DE 13). For the following reasons, the Motion is granted.

Agreements to arbitrate are enforced pursuant to the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 2[1]; *Circuit City Stores, Inc. v. Saint Clair Adams*, 532 U.S. 105 (2001) ("the FAA compels judicial enforcement of a wide range of written arbitration agreements"). When considering whether to enforce an arbitration agreement, a court must first determine whether the parties agreed to arbitrate their dispute. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Next, a court must consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.* at 627-28.

---

[1] Section two of the FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Here, the Parties agree that they are both bound by the arbitration provisions of the November 2018 Lease Order Form.  Further, the Court agrees that Plaintiff's claims can be submitted to arbitration, as the terms of the agreement may fairly be read to cover the claims at issue in this lawsuit.  The Agreement is, therefore, enforced, and the Parties must arbitrate this matter.  In light of this holding, a stay of this action is warranted.  *See* 9 U.S.C. § 3.[2]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Defendant's Unopposed Motion to Compel Arbitration and Stay Proceedings, filed on February 2, 2023 (DE 13) is **GRANTED**.  The Parties shall arbitrate this matter consistent with the Parties' agreement.

2. This action is **STAYED** pending resolution of the arbitration.

3. The Parties shall file a joint-status report within 14 days after the arbitration award is issued.

4. The Clerk of Court shall administratively **CLOSE** this case.

   **SIGNED** in Chambers in West Palm Beach, Florida, this 6 day of February, 2023.

Donald M. Middlebrooks
United States District Judge

CC: Counsel of record

---

[2] Section 3 of the FAA provides that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."  9 U.S.C. § 3.