**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 22-81955-CV-MIDDLEBROOKS/Matthewman

DAVID FEINBERG,

    Plaintiff,

v.

AL PACKER, INC. d/b/a
AL PACKER FORD, a Florida
corporation,

    Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's lawyers' Motion to Withdraw as Counsel (DE 21) and Plaintiff's Second Motion for an Extension of Time to Comply with Court Order (DE 23), both filed on July 7, 2023.

Plaintiff initiated this action on December 20, 2022. (DE 1). Before ever filing an Answer, Defendant filed an unopposed Motion to Compel Arbitration, which I granted on February 6, 2023. (DE 13; DE 15).

On May 23, 2023, the Parties filed a Joint Notice of Settlement informing the Court that the parties have settled and that "a joint stipulation of dismissal with prejudice will be filed hereafter." (DE 16). Accordingly, the next day, I entered an Order requiring the Parties to file appropriate closing documents on or by June 5, 2023. (DE 17). On June 8, 2023, I *sua sponte* extended that deadline to June 14 because the Parties had failed to file closing documents. On June 14, Plaintiff filed an unopposed motion to extend the June 14 deadline to June 29, 2023, citing Plaintiff's counsel workload. (DE 19). I granted that motion on June 16, 2023. (DE 20).

1

On July 7, 2023, *over a week after* the June 29 deadline, Plaintiff filed the instant Motion to extend the closing documents deadline by another 30 days. (DE 23). The Motion does not explain why Plaintiff requires an additional 30 days. Simultaneously, Plaintiff's lawyers filed a motion to withdraw from the case, citing an "irreconcilable difference," and a notice of charging lien. (DE 21; DE 22). Defendant filed a response in opposition to Plaintiff's lawyers' motion to withdraw on July 18, 2023. (DE 26). Defendants argue that Plaintiff's lawyers should be required to facilitate execution of the settlement agreement that has already been agreed to.

On July 21, 2023, I ordered Plaintiff's lawyers to supplement their motion to withdraw by answering the following three questions: (1) Has a written settlement been agreed to?, (2) If so, does Mr. Feinberg refuse to sign the settlement?, and (3) What is the nature of the irreconcilable difference? (DE 27). Plaintiff's lawyers responded as follows:

1. Yes. A settlement was reached through arm's length negotiations among the parties in which both damages and attorney's fees and costs were negotiated and agreed to by both parties.

2. Yes. Mr. Feinberg has now refused to sign the resulting settlement agreement.

3. Undersigned counsel is unable to respond to the Court's third query as doing so would reveal attorney-client privileged communications.

(DE 28).

Given that the Parties have agreed to a settlement reduced to writing, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's lawyers' Motion to Withdraw as Counsel (DE 21) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Second Motion for an Extension of Time to Comply with Court Order (DE 23) is **GRANTED IN PART.**

3. Plaintiff must file appropriate closing documents **on or by July 31, 2023.** Failure to abide by this deadline will result in dismissal for failure to prosecute or comply with a court order.

**SIGNED** in Chambers in West Palm Beach, Florida on this 27th day of July, 2023.

Donald M. Middlebrooks
United States District Judge

cc:    Counsel of Record