UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81955-MIDDLEBROOKS

DAVID FEINBERG,

    Plaintiffs,

v.

AL PACKER, INC. d/b/a
AL PACKER FORD, a Florida
corporation,

    Defendant.
_____/

## ORDER DISMISSING CASE

THIS CAUSE comes before the Court *sua sponte*. For the following reasons, this case is dismissed without prejudice.

On July 7, 2023, Plaintiff's lawyers moved to withdraw as counsel of record following a notice of settlement. (DE 21). On July 27, 2023, I denied without prejudice Plaintiff's lawyers' Motion to Withdraw and set a deadline of July 31, 2023, for Plaintiff to file appropriate closing documents. (DE 29).[1] I cautioned Plaintiffs that "[f]ailure to abide by this deadline will result in dismissal for failure to prosecute or comply with a court order." (*Id*. at 3). To date, there has been no activity on the docket.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO,*

---

[1] See the July 27 Order at Docket Entry 29 for a detailed review of the procedural history leading up to this Order.

*Inc.*, 501 U.S. 32, 43 (1991)). As such, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it *or* comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(b)) (emphasis added). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (citation omitted). However, "[d]ismissal of a case with prejudice under Rule 41(b) is a sanction of last resort, applicable only in extreme circumstance," such as when the record evinces a pattern of "willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *McIntosh v. Gauthier*, 182 F. App'x 884, 886 (11th Cir. 2006) (quoting *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999)) (internal quotation marks omitted).

Here, I find that Plaintiff failed to prosecute his case *and* comply with a Court Order (*See* DE 29). However, the record does not present an extreme case of willful contempt meriting dismissal with prejudice. Instead, I will dismiss Plaintiff's Complaint (DE 1) *without* prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE.**

**SIGNED** in Chambers at West Palm Beach, Florida this 4th day of August, 2023.

Donald M. Middlebrooks
United States District Judge

cc:    Counsel of Record